IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| LAWRENCE COLEMAN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:13cv322 |
| DAVID GOLDSTEIN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Lawrence Coleman, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Coleman complains that he has changed his religious preference to Judaism but that he has been experiencing problems from unit chaplain Ray Rose and a free-world rabbi named David Goldstein who serves as a consultant for TDCJ. He indicates that these individuals are trying to dissuade him through various means from converting to Judaism.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed pursuant to the three-strikes provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that Coleman had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and is thus barred from proceeding *in forma pauperis*; instead, Coleman must pay the full filing fee at the institution of his case or show that he is in imminent danger of serious physical injury. Because Coleman did neither of these, the Magistrate Judge recommended that Coleman's *in forma pauperis* status be revoked and that the lawsuit be dismissed.

1

Coleman filed objections to the Magistrate Judge's Report on May 8, 2013. In his objections, Coleman contends that the Magistrate Judge's Report makes a "mockery" of the First and Fourteenth Amendments and says that he is being "subjected to the same standards as a licensed lawyer." Coleman says that he has no training in law and so it is to be expected that he files lawsuits which are ruled to be frivolous, malicious, or fail to state a claim. Although he has no legal education, he says that he nonetheless knows right from wrong, and it is wrong not to hear his complaint. Coleman adds that the Court would hear his case if he paid the full filing fee, saying that "the Court is extorting money" from him.

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate Judge concluded that Coleman has three strikes, a finding which Coleman does not contest. Coleman did not pay the filing fee, and his pleadings made no intimation that he is in imminent danger of serious physical injury. There is no exception in §1915(g) for First Amendment claims and his arguments that he is being held to the standards of a licensed attorney and that the requirement that he pay the filing fee is "extortion" lack any semblance of merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED. Furthermore, it is

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 15th day of May, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE